FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

2014 OCT 10 P 4: 03

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION,

        Plaintiff,

    v.

MICHELLE K. LEE, in her official capacity as
Deputy Under Secretary Of Commerce for
Intellectual Property and Deputy Director of the
United States Patent and Trademark Office,
serving in the acting capacity as Director of the
United States Patent and Trademark Office, and

UNITED STATES PATENT AND
TRADEMARK OFFICE.

        Defendants.

Civil Case No. 1:14-CV-1340

(LO/ TRJ )

## COMPLAINT

Plaintiff Philips Electronics North America Corporation ("Philips") for its Complaint against Defendant Michelle K. Lee, in her official capacity as Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office, serving in the acting capacity as Director of the United States Patent and Trademark Office ("Lee") and Defendant United States Patent and Trademark Office ("PTO"), hereby allege as follows:

## INTRODUCTION

1.    This action arises from the PTO's refusal to enter and consider two papers filed by Philips and its denial of two Petitions filed by Philips under 37 C.F.R. §§ 1.182 and 1.183 ("Philips' Petitions"), respectively.

2.    Philips commenced an *inter partes* reexamination of U.S. Patent No. 7,530,955

1

B2 ("the '955 patent") with the United States Patent and Trademark Office ("PTO") in September 2012. That reexamination was assigned control number 95/002,183 by the PTO ("the *Inter Partes* Proceeding"). After the PTO Examiner found that both the original and newly-added claims in the '955 patent were patentable, Philips timely appealed that decision and filed its brief on appeal. However, the PTO found that Philips' brief was not timely filed, dismissed Philips' appeal, and remanded the *Inter Partes* Proceeding to the Examiner for further prosecution.

3.      Specifically, the PTO ordered that the Patent Owner, Masimo Corporation ("Masimo" or "Patent Owner"), should amend the claims in the *Inter Partes* Proceeding to conform to claims allowed in a Reexamination Certificate of the '955 Patent ("the '955 Certificate") issued from a separate *ex parte* reexamination assigned control number 90/012,566 ("the *Ex Parte* Proceeding") that had proceeded concurrently with, but independently from, the *Inter Partes* Proceeding.

4.      The Patent Owner ostensibly complied with the Board's order, thereby filing Claims Merger documents (Declaration of Brian K. Andrea ("Andrea Decl."), filed herewith, Exhs. 24 and 28) that added a number of new claims to the *Inter Partes* Proceeding. Philips filed comments to the First Claims Merger (Andrea Decl., Exh. 24), as it was entitled to do under the governing statute.

5.      The PTO found that Patent Owner's merger of the claims included merely "procedural housekeeping" amendments, rather than substantive amendments, decided that Philips was not permitted to file comments to that amendment, and issued a decision expunging Philips' comments from the record.

6.      Having thus denied Philips any opportunity to comment further in the *Inter Partes*

2

Proceeding, the PTO issued a Notice of Intent to Issue an *Inter Partes* Reexamination Certificate ("NIRC") that terminated the proceeding and indicated that it would issue an *Inter Partes* Reexamination Certificate with the claims presented in Patent Owner's Claims Merger.

7. Philips filed two petitions on May 12, 2014 requesting that prosecution be reopened. Those petitions were improperly denied on October 1, 2014.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1361.

9. Philips has standing to bring this suit at least because it is specifically and personally harmed by the PTO's denial of Philips' Petitions requesting a stay or avoidance of issuance of an *Inter Partes* Reexamination Certificate in the *Inter Partes* Proceeding, as the denial of Philips' Petitions and subsequent issuance of an *Inter Partes* Reexamination Certificate will result in the issuance of patent claims for which Philips has never had an opportunity to comment, as is its right pursuant to 35 U.S.C. § 314 (2002). Specifically, if an *Inter Partes* Reexamination Certificate issues in the *Inter Partes* Proceeding, Philips will be barred from making certain challenges to the validity of the '955 Patent in any other litigation without ever having had the opportunity to file comments on certain claims added by the Patent Owner.

10. This matter is ripe because the issues Philips presents stem from final agency decisions regarding a Petition to the Commissioner for Patents.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e).

   a. The Director's principal office and the PTO's headquarters are located in Alexandria, Virginia pursuant to 35 U.S.C. § 1(b).

   b. The PTO conducted activities related to administration of Reexamination Control No. 95/002,183 and denial of Philips' Petitions in Alexandria,

Virginia at its headquarters.  Thus, the events giving rise to this action occurred in Alexandria, Virginia.

12.     This case arises under causes of action created by the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

13.     Proper forms of relief in the action include, but are not limited to, the following:

    a.     issuing preliminary and permanent injunctions under 5 U.S.C. § 703;

    b.     issuing declaratory relief under 5 U.S.C. § 703 and 28 U.S.C. §§ 2201-2202;

    c.     holding unlawful and setting aside the PTO's action as arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law (*i.e.*, issuing a vacatur remedy) under 5 U.S.C. § 706(2);

    d.     compelling the PTO to perform its duty under 28 U.S.C. § 1361; and

    e.     issuing any writs necessary to compel the Defendants to perform neglected or unlawfully unperformed duties with respect to Reexamination Control No. 95/002,183.

## THE PARTIES

14.     Plaintiff Philips is a Delaware corporation having a place of business at 3000 Minuteman Rd., Andover, Massachusetts 01810.  Philips is a wholly-owned subsidiary of Philips Holding USA, Inc., which, directly and indirectly, is a wholly-owned subsidiary of Koninklijke Philips Electronics N.V.

15.     Defendant PTO is an administrative agency of the United States Department of Commerce.  The PTO's headquarters is located in Alexandria, VA, at 600 Dulany Street Madison Building East, Room 10B20, Alexandria, VA 22313.  The PTO is responsible for granting and issuing patents, registering trademarks, disseminating information to the public

4

regarding patents and trademarks, and conducting reexamination proceedings related to issued patents.

16.     Defendant Michelle K. Lee is the Under Secretary of Commerce for Intellectual Property and the Deputy Director of the PTO, and acting Director of the PTO ("the Director"), and is named in her official capacity.   Under 35 U.S.C. § 3(a), the Director is charged with providing policy direction and management supervision for the PTO.   The Director is also responsible for issuing patents, registering trademarks, and conducting reexamination proceedings.

## FACTS GIVING RISE TO THE ACTION

### A.     Two Separate Parties Filed Two Separate Requests for Reexamination of the '955 Patent in the PTO.

17.     The original '955 Patent issued on May 12, 2009 and contained 10 claims.   *See* Andrea Decl., Exh. 1.

18.     On September 12, 2012, Philips filed the *Inter Partes* Proceeding, in which it requested *inter partes* reexamination of original claims 1-7. *See* Andrea Decl., Exh. 3.

19.     The PTO granted Philips' request on November 19, 2012, designating the *Inter Partes* Proceeding with control number 95/002,183. *See* Andrea Decl., Exh. 4.

20.     On September 14, 2012, two days after Philips filed its request, a third party unrelated to Philips commenced the *Ex Parte* Proceeding, requesting reexamination of original claims 1-10. *See* Andrea Decl., Exh. 5.

21.     The PTO granted that request on December 10, 2012, designating the *Ex Parte* Proceeding with control number 90/012,566. *See* Andrea Decl., Exh. 5.

22.     The *Inter Partes* and *Ex Parte* Proceedings were not merged; rather, they proceeded separately before different Patent Examiners. *See* 37 C.F.R. § 1.989; Manual of Patent

5

Examining Procedure ("M.P.E.P.") § 2686.01.

   **B.**  **The *Inter Partes* and *Ex Parte* Proceedings Progressed Independently.**

  23.  On November 26, 2012, the PTO issued an Office Action in the *Inter Partes* Proceeding rejecting original claims 1-7 over various prior art references. *See, e.g.,* Andrea Decl., Exh. 7 at PENAC000217.

  24.  On January 28, 2013, the Patent Owner filed a response amending the original claims 1-7 of the '955 Patent. *See* Andrea Decl., Exh. 8 at PENAC000227-283. The Patent Owner also added new claims 11-39, each of which included limitations that were not in the original claims of the '955 Patent. *Id.* at PENAC000229-33.

  25.  On February 27, 2013, Philips filed comments arguing that the amended original claims 1-7 and newly added claims 11-39 are unpatentable. *See, e.g.,* Andrea Decl., Exh. 9 at PENAC000258.

  26.  On April 16, 2013, the PTO issued an Office Action in the *Ex Parte* Proceeding that rejected original claims 1-10 of the '955 Patent over various prior art references. *See* Andrea Decl., Exh. 10 at PENAC000285.

  27.  On June 12, 2013, the PTO issued an Action Closing Prosecution ("ACP") in the *Inter Partes* Proceeding rejecting amended original claims 1-8 and newly added claims 11-22, 34-36, and 39. *See* Andrea Decl., Exh. 11 at PENAC000339. The ACP also indicated that newly added claims 23-33, 35, 37, and 38 in the *Inter Partes* Proceeding are patentable. *Id.* Furthermore, the ACP correctly noted that claims 9 and 10 are "not subject to reexamination." *See id.* at PENAC000340. Moreover, while the front of the ACP noted that claim 8 was rejected, it recognized that claim 8 was only "brought into the reexamination" because Patent Owner "added claims that depend on claim 8." *Id.*

  28.  On June 17, 2013, Patent Owner filed a response to the Office Action in the *Ex*

*Parte* Proceeding, amending all of the original claims 1-10 of the '955 Patent and adding new claims 11-83. *See* Andrea Decl., Exh. 12 at PENAC000364-81.

29.     Patent Owner's amendments to the original claims in the *Ex Parte* Proceeding were different from the amendments that the Patent Owner made to the same claims in the *Inter Partes* Proceeding.     *Compare, e.g.,* Andrea Decl., Ex. 12 at PENAC000364 (claim 1 amendment) *with* Andrea Decl., Ex. 8 at PENAC000227 (claim 1 amendment).

30.     In response to this inconsistency and the fact that the PTO had not yet merged the *Inter Partes* and *Ex Parte* Proceedings, Philips filed a Notification of Existence of Concurrent Proceedings in both Proceedings on June 24, 2013. Andrea Decl., Exhs. 13, 14.

31.     The PTO never merged the *Ex Parte* and *Inter Partes* Proceedings.

32.     On July 12, 2013, Patent Owner filed a response to the ACP in the *Inter Partes* Proceeding, arguing that the claims rejected in the ACP were patentable. *See* Andrea Decl., Exh. 15.

33.     On August 12, 2013, Philips filed comments after the ACP in the *Inter Partes* Proceeding, arguing that the rejections in the ACP addressed by Patent Owner were proper. *See* Andrea Decl., Exh. 16.

34.     On October 11, 2013, the PTO issued a Final Office Action in the *Ex Parte* Proceeding, rejecting the amended original claims 1-10 of the '955 Patent and some of the newly-added claims (claims 17-29 and 42-50), but indicating that other newly-added claims (claims 11-16, 30-41, and 51-83) were allowable. *See* Andrea Decl., Exh. 17 at PENAC000463.

35.     On October 23, 2013, the PTO issued a Right of Appeal Notice ("RAN") in the *Inter Partes* Proceeding, in which the Examiner reversed course from his earlier rejections of the amended and newly-added claims of the '955 Patent and found that they were now patentable.

7

*See* Andrea Decl., Exh. 18 at PENAC000581. The RAN noted that claims 9 and 10 "are not subject to reexamination." *See id.*

36.    Pursuant to the determination in the RAN, Philips filed a Notice of Appeal in the *Inter Partes* Proceeding on November 25, 2013. *See* Andrea Decl., Exh. 19.

37.    On December 4, 2013, the Patent Owner filed a response to the Final Office Action in the *Ex Parte* Proceeding, amending claims 1-10 for a second time and amending newly-added claims 17-22, 27-29, and 45-50. *See* Andrea Decl., Exh. 20 at PENAC000607-24.

38.    On January 8, 2014, the PTO issued a Notice of Intent to Issue *Ex Parte* Reexamination Certificate. *See* Andrea Decl., Exh. 21 at PENAC000653.

39.    On January 30, 2014, the PTO issued an *Ex Parte* Reexamination Certificate of the '955 Patent ("the '955 Certificate") with claims 1-83 from the *Ex Parte* Proceeding. *See* Andrea Decl., Exh. 2. The '955 Certificate noted on its face that, "[a]t the time of issuance and publication of this certificate, the patent remains subject to pending reexamination control number 95/002,183 filed September 12, 2012 [*i.e.*, the *Inter Partes* Proceeding]. The claim content of the patent may be subsequently revised if a reexamination certificate issues from the [*Inter Partes*] reexamination proceeding." *Id.* at PENAC000079.

40.    On February 10, 2014, Philips filed a Brief on Appeal in the *Inter Partes* Proceeding, arguing that the Examiner's decision to reverse course and allow original claims 1-8 and newly added claims 11-39 in that proceeding was incorrect. *See* Andrea Decl., Exh. 22.

41.    Prior to filing its Brief on Appeal, Philips had a discussion with a clerk from the reexamination unit and reached agreement with the clerk that its Brief on Appeal was not due until February 10, 2014. *See* Andrea Decl. ¶ 1.

42.    Nevertheless, on March 5, 2014, the PTO dismissed Philips' appeal in the *Inter*

*Partes* Proceeding ("the Dismissal"), finding that Philips' Brief on Appeal was "not timely filed." *See* Andrea Decl., Exh. 23 at PENAC000715.

43.     The Dismissal also indicated that the *Inter Partes* Proceeding would be "forwarded to the Examiner in the Central Reexamination Unit ('CRU') for further prosecution," and explained that, "because the ['955] Certificate resulted in a different claim set when compared to the current [*Inter Partes*] Claims (as set forth in the July 2013 Claim Amendments), [Patent Owner] is hereby required to file claim amendment(s) which are also based up[on] the ['955] Certificate.  In other words, all claim amendments in the instant proceeding (from now on) must be based upon the '955 Patent *and* the ['955] Certificate." *Id.* at PENAC000716.

### C.     The PTO Incorrectly Expunged Philips' Comments on the Patent Owner's Claims Mergers and Issued a Notice of Intent to Issue Reexamination Certificate in the *Inter Partes* Proceeding.

44.     On March 21, 2014, pursuant to the Dismissal's requirement that the Patent Owner file claim amendments, Patent Owner filed a Reexamination Claims Merger in the *Inter Partes* Proceeding ("First Claims Merger"). *See* Andrea Decl., Exh. 24.  The First Claims Merger retained claims 1-39 in the *Inter Partes* Proceeding and added the claims from the '955 Certificate as claims 40-122. *Id.* at PENAC000746.

45.     Philips called the Examiner to inquire whether it was entitled to file comments to the First Claims Merger, and confirm when such Comments would be due.  Philips was told that it would be allowed to file comments and that they would be due within 30 days. *See* Andrea Decl. ¶ 2.

46.     On April 21, 2014, Philips filed Comments on the First Claims Merger. *See* Andrea Decl., Exh. 25.  In addition to arguing that all of the claims in the First Claims Merger were invalid over various prior art arguments, Philips' comments also pointed out, *inter alia*, that:  (1) the Dismissal reopened the prosecution of the *Inter Partes* Proceeding (*id.* at

PENAC000752); (2) Philips "ha[d] never had an opportunity to argue the invalidity of the claims that issued in the ['955] Certificate (presented as claims 40-122 in the [First] Claims [M]erger)," because Masimo never presented them in the *Inter Partes* Proceeding (*id.*); (3) Masimo's First Claims Merger was improper because it did not amend the claims based on the '955 Certificate, as required by the Dismissal (*id.* at PENAC000752-53); and (4) Masimo's First Claims Merger was improper because "it would allow Masimo to improperly remove limitations from a claim under reexamination, violating the rule against broadening amendments in reexamination proceedings" (*id.* at PENAC000753).

47.     The next day, April 22, 2014, the Patent Owner filed a Supplemental Reexamination Claims Merger in the *Inter Partes* Proceeding ("Second Claims Merger"), in which it "reverse[d] the order of the merged claims sets" from the First Claims Merger (*see* Andrea Decl., Exh. 26 at 27) by adding the 83 claims from the '955 Certificate as claims 1-83 (indicating them as "original") and adding the 39 claims from the *Inter Partes* Proceeding as claims 84-122 (indicating them as "new") (*see id.* at PENAC000796-819).

48.     Before Philips could comment on the Second Claims Merger, however, the PTO issued a decision on April 30, 2014, expunging Philips' April 21, 2014 comments on the First Claims Merger from the record. *See* Andrea Decl., Exh. 27. This decision acknowledged that, "[p]er 35 U.S.C. 314, a Third Party may once file comments in response to a patent owner's response to an Office action on the merits," but found that the Patent Owner's response of March 21, 2014 was not on the merits, but "was merely a procedural housekeeping amendment to satisfy 37 C.F.R. 1.530," on which Philips "does not have a right to comment." *Id.* at PENAC000825.

49.     On May 5, 2014, the PTO issued a Notice of Intent to Issue an *Inter Partes*

Reexamination Certificate ("NIRC") that will contain the claims presented in the Second Claims Merger. *See* Andrea Decl., Exh. 28. Specifically, the NIRC stated that the *Inter Partes* Reexamination Certificate would indicate that the newly-presented claims 84-122 are patentable and claims 1-83 are not subject to reexamination. *Id.* at PENAC000828. Notably, claims 92 and 93 correspond to original claims 9 and 10 of the '955 Patent, which the PTO had repeatedly acknowledged were not subject to reexamination in the *Inter Partes* Proceeding. *See* Andrea Decl., Exh. 11 at PENAC000340 and Exh. 18 at PENAC000581.

### D.   Philips' Brief on Appeal was Timely Filed

50.   Philips' Brief on Appeal was improperly dismissed as "not timely filed under 37 C.F.R. § 41.66(a)." *See* Andrea Decl., Exh. 23 at PENAC000711. The Dismissal reasoned that, "[b]ecause no reexamined claims were rejected in the [RAN], Patent Owner does not currently have a right of appeal [and] Patent Owner was not entitled to file a cross appeal under 37 C.F.R. 41.61(b)(1)." *Id.* at PENAC000715. Based on this incorrect reasoning, the Examiner incorrectly found that Philips' brief was due on January 27, 2014. *Id.* at PENAC000716.

51.   The Patent Owner had a right of appeal from the RAN because there were determinations in the RAN that were adverse to the patentability of the claims in the *Inter Partes* Proceeding. Specifically, the RAN made at least two findings that were adverse to the patentability of the claims: (1) the Examiner found that the double patenting rejection of Issue 7 was proper (*see* Andrea Decl., Exh. 18 at PENAC000597); and (2) the Examiner found that Patent Owner may not rely on its "131 Declaration" because it was not timely submitted (*id.* at PENAC000594).

52.   Had the PTO properly recognized that these determinations were adverse to the patentability of the claims, Philips' Brief on Appeal would have been due on February 10, 2014 pursuant to 37 C.F.R. § 41.66, the date it was filed. Indeed, Philips confirmed that the due date

for its Brief on Appeal was February 10, 2014 in a telephone call with a law clerk from the CRU. *See* Andrea Decl. ¶ 1.

### *I.    Patent Owner Had the Right to Appeal the Examiner's Determination that the Double Patenting Rejection (Issue 7) Was Proper*

53.    During the *Inter Partes* Proceeding, the Examiner made multiple double-patenting rejections. *See, e.g.*, Andrea Decl., Exh. 18 at PENAC000588 (Issue 2) and PENAC000589-90 (Issues 5-7).

54.    As noted in the RAN, the double-patenting rejections in Issues 2, 5, and 6 were overcome by amendment. *Id.*

55.    Issue 7 was not overcome by amendment and indeed the Examiner determined that "the double patenting is proper" for this Issue. *Id.* at PENAC000597.

56.    However, the Examiner removed the rejection of Issue 7 based on an incorrect determination that a terminal disclaimer filed in a different reexamination "obviates the double patenting rejection." *Id.* Given this improper analysis, Issue 7 was noted as "not adopted" in the summary of the Issues. *Id.* at PENAC000589.

57.    The Patent Owner could have appealed the determination that the double patenting rejection of Issue 7 was proper.

58.    As set forth in Philips' Brief on Appeal, the terminal disclaimer filed in the other reexamination proceeding did not obviate the Issue 7 double patenting rejection. *See* Andrea Decl., Exh. 22 at PENAC000693-94. The terminal disclaimer only operated in one direction—it did not disclaim the term of the '955 Patent beyond the term of the patent that was the subject of the other reexamination.

59.    The Patent Owner was also entitled to take an appeal from the Examiner's determination regarding the rejection of Issue 7 that the claims were obvious variants of one

another.

60.     If the PTO had entered Philips' properly filed Brief on Appeal and agreed with Philips that the Examiner's determination that the terminal disclaimer did not obviate the double patenting rejection of Issue 7, Patent Owner would have been left with a double patenting rejection it did not appeal.

61.     The Examiner's determination in the RAN that the double patenting rejection of Issue 7 was proper was a "decision adverse to the patentability" of the claims of the patent within the meaning of M.P.E.P. § 2674.01.

62.     At a minimum, it was reasonable for Philips to believe Patent Owner had the right to appeal the Examiner's determination that the double patenting rejection (Issue 7) was proper.

> ### 2.   *Patent Owner Had the Right to Appeal the Examiner's Determination that Patent Owner Could Not Rely on its Rule 131 Declaration*

63.     Patent Owner submitted a Rule 131 declaration with its response of 7/12/2013. However, the Examiner did not enter this declaration, and found against Patent Owner on this issue: "Therefore, in the event that it is determined that the examiner erred in finding that the effective date of the '955 patent was 1994, the 131 declaration will not be considered." Andrea Decl., Exh. 18 at PENAC000594-95.

64.     If the PTO had entered Philips' properly filed Brief on Appeal and agreed with Philips that the prior art rejections were appropriate, Patent Owner would not have been able to argue that the effective filing date of the '955 patent was 1994.

65.     The Examiner's determination in the RAN that the 131 declaration was not to be entered was a "decision adverse to the patentability" of the claims of the patent within the meaning of M.P.E.P. § 2674.01.

66.     At a minimum, it was reasonable for Philips to believe Patent Owner had the right

to appeal the Examiner's determination that Patent Owner could not rely on its Rule 131 declaration.

**E.     Philips is Permitted by Applicable Statutes and Rules to File Comments to Patent Owner's Most Recent Amendment**

67.    The PTO's decision to reject Philips' comments to Patent Owner's First Claim Merger and denial of Philips' opportunity to file comments to Patent Owner's Second Claims Merger was incorrect for at least two reasons:

a.    35 U.S.C. § 314 (2002) provides that "[e]ach time that the patent owner files a response to an action on the merits from the Patent and Trademark Office, the third-party requester shall have one opportunity to file written comments addressing issues raised by the action of the Office or the patent owner's response thereto, if those written comments are received by the Office within 30 days after the date of service of the patent owner's response." The Dismissal was an action on the merits under this statute and the Patent Owner's First and Second Claim Mergers were substantive responses that add 83 new claims to this reexamination; they were not merely "procedural housekeeping amendments" as the Decision expunging Philips' Comments to the First Claims Merger stated. *See* Andrea Decl., Exh. 27. Moreover, because the base claims against which the pending claims must be viewed changed with the issuance of the Reexamination Certificate (pursuant to M.P.E.P. § 2686.IV), the submission of claims 84-122 in view of the Reexamination Certificate necessarily implicates different patentability concerns than they did before the Reexamination Certificate. Because Philips' comments on the First

Claims Merger was filed within the 30 days required by the statute, it was proper and should have been considered by the PTO.

b.   The PTO's denial of a Third Party Requester's right to comment on an amendment even if it is merely a "procedural housekeeping amendment" is ungrounded in the applicable statues and rules, and constitutes an abuse of agency discretion in conflict with the statute. Accordingly, the PTO should have afforded Third Party Requester Philips its right to provide comments to the Patent Owner's Second Claims Merger and reopen prosecution of the *Inter Partes* Proceeding.

*1.   Patent Owner's Claim Merger Documents Were Not "Procedural Housekeeping Amendments"*

68.   In the Decision expunging Philips' Comments to the First Claims Merger, the PTO stated that "the patent owner's response of 3/21/14 was merely a procedural housekeeping amendment to satisfy 37 C.F.R. § 1.530." *See* Andrea Decl., Exh. 27 at PENAC000825.

69.   37 C.F.R. § 1.530(i) provides in part that "all amendments must be made relative to the patent . . . including the claims . . . which are in effect as of the date of filing the request for reexamination."

70.   37 C.F.R. § 1.530(i) relates only to how claims pending in a reexamination should be numbered; it does not allow for the wholesale addition of new claims that were not part of the patent when the request for reexamination was filed, as occurred here. Nor does the rule state that any amendments made to comply with its provisions are "procedural housekeeping amendments."

71.   Patent Owner's Claims Merger documents added 83 new claims to the *Inter Partes* Proceeding, including many new limitations not previously considered.

15

72.    Many, if not most, of the claims added to the *Inter Partes* Proceeding in Patent Owner's Claims Merger documents are broader than those that were previously pending in the *Inter Partes* Proceeding.  This broadening of the claims is a violation of 37 C.F.R. § 1.530(j) 's prohibition of broadening in a reexamination proceeding.

73.    The broadened claims greatly expanded the substantive scope of the *Inter Partes* Proceeding, and cannot under any reasonable interpretation be viewed as merely ministerial.

74.    Patent Owner's Claim Merger documents were substantive responses that more than tripled the number of claims at issue.

75.    Philips was entitled to file comments to the Claims Merger documents pursuant to 35 U.S.C. 314(b)(2).

76.    M.P.E.P. § 2686.IV requires that when a co-pending reexamination results in a Reexamination Certificate, it is against those new claims, rather than the originally-issued claims, that the patentability of the pending claims must be assessed.

77.    When claims 84-122 were re-submitted without amendment in view of the *Ex Parte* Reexamination Certificate, that submission was a substantive filing by Patent Owner that Philips is permitted by statute to address.

78.    Through its Claims Merger documents, Patent Owner submitted claims that are indisputably broader than the claims of the currently existing '955 Patent set forth in the *Ex Parte* Reexamination Certificate.

79.    Philips has never had a chance to comment on the claims submitted in view of the Reexamination Certificate, including to point out that the pending claims are broader than the currently-existing claims.

80.    Philips' substantive objections to Patent Owner's amendments in the Claims

Merger documents demonstrate conclusively that the amendment was more than just a "housekeeping" matter, and instead presented new substantive questions in the reexamination that Philips should have a right to comment upon under the applicable rules and statutes.

81.    The PTO at least initially agreed with Philips' assessment that it was entitled to file comments when it indicated that prosecution would continue after Philips' appeal was incorrectly dismissed.  As noted above, the Dismissal stated that, "all claim amendments in the instant proceeding (*from now on*) must be based upon the '955 Patent *and* the ['955] Certificate," and "[t]he instant proceeding will be forwarded to the Examiner in the Central Reexamination Unit ("CRU") *for further prosecution*."    *See* Andrea Decl., Exh. 23 at PENAC000716 (emphasis added).

82.    The PTO's statements in the Dismissal contemplated that the amendment it was requiring from the Patent Owner would be substantive and would lead to "further prosecution" with a new set of claims.  The Dismissal did not imply that all that remained to be done was to have the Patent Owner add the claims from the '955 Certificate before a NIRC would issue.  Yet, after receiving Patent Owner's Claims Merger documents, the PTO reversed course and deemed the amendments in those documents as being "merely [] procedural."

83.    Indeed, when Philips was first presented with Patent Owner's so-called First Claims Merger, its representatives contacted PTO Examiner Andrew Fischer to inquire how to proceed procedurally.  Philips was informed that it was entitled to file comments on the amended claims and that those comments were due 30 days from the date of the Claims Merger.  *See* Andrea Decl. ¶ 2; Declaration of Clinton H. Brannon ("Brannon Decl."), filed herewith, ¶ 1. Philips proceeded under Examiner Fischer's interpretation of the M.P.E.P., which Philips agreed with.

84.     The NIRC incorrectly indicates that claims 84-122 were the subject of the *Inter Partes* Proceeding. *See* Andrea Decl., Exh. 28 at PENAC000829. Claims 92 and 93 in the Second Claims Merger correspond to claims 9 and 10 of the '955 Patent. Claims 9 and 10 were never part of the reexamination. Additionally, claim 91 in the Second Claims Merger corresponds to claim 8 of the '955 Patent. Claim 8 was not a subject of the *Inter Partes* Proceeding. While claim 8 was addressed by the parties, it was only addressed with respect to claims 35-38 (claims 118-121 in the Second Claims Merger), which Patent Owner added as claims dependent on claim 8. Among the various errors in the PTO's handling of the *Inter Partes* Proceeding, this error also needs to be corrected given the estoppel issues that are implicated.

85.     Although the PTO appears to believe that claims 1-83 were never part of the *Inter Partes* Proceeding (and that presumably no estoppel will apply to Philips with respect to those claims), it is highly likely that Patent Owner will disagree with that assessment and will instead argue Philips is estopped with respect to those claims, given the 5-year litigation history between the parties with respect to the '955 Patent and patents in the family of the '955 Patent.

86.     Even if the PTO believes or explicitly determines that estoppel would not apply to Philips, a district court analyzing that issue in the future may not find itself bound by such a decision from the PTO.

87.     Accordingly, there is a legitimate danger going forward that Philips will face unfounded charges of estoppel from Patent Owner on claims it has never had the opportunity to challenge in the PTO.

2.     *It is Improper to Deny Third Party Requesters a Right to Comment for "Procedural Housekeeping Amendments"*

88.     There is no basis in the applicable statutes and rules for the PTO to treat

18

"procedural housekeeping amendments" differently from other submissions by a Patent Owner in an *inter partes* reexamination proceeding; Third Party Requesters are entitled to comment on all Patent Owner submissions pursuant to 35 U.S.C. § 314(b) nor 37 C.F.R. § 1.947.

89.     35 U.S.C. § 314(b) nor 37 C.F.R. § 1.947 do not describe or distinguish housekeeping amendments from other forms of Patent Owner Responses.

90.     Any action that results in the amendment of claims and addition of new claims to a reexamination proceeding is, or should be considered, an action on the merits.

**F.     Philips' Petitions**

91.     On May 12, 2014, Philips filed separate emergency petitions with the PTO under 37 C.F.R. §§ 1.182 and 1.183 requesting that the PTO withdraw the NIRC in the *Inter Partes* Proceeding, stay issuance of the *Inter Partes* Reexamination Certificate pending decision on those petitions, and reopen the prosecution of the *Inter Partes* Proceeding. *See* Andrea Decl., Exhs. 29, 30.

*1.     Philips' Petition Under 37 C.F.R. § 1.182*

92.     In the Philips Petition under 37 C.F.R. § 1.182, Philips stated that (1) Patent Owner's Second Claims Merger resulted in an improper enlargement of the scope of the claims (Andrea Decl., Exh. 29 at PENAC000845-49); (2) Philips' Brief on Appeal was in fact timely filed with the PTO and should not have been dismissed (*id.* at PENAC000849-53); and (3) Philips was entitled to file comments to Patent Owner's Claims Merger documents that greatly expanded the scope of the *Inter Partes* Proceeding (*id.* at PENAC000853-58). In light of the foregoing, Philips requested that the Director immediately withdraw the NIRC in the *Inter Partes* Proceeding, immediately stay the issuance of any reexamination certificate in the *Inter Partes* Proceeding, reopen prosecution of the *Inter Partes* Proceeding, and enter and consider Philips' previously filed comments to Patent Owner's First Claims Merger, allow Philips to file

comments to the Patent Owner's Second Claims Merger, or enter and consider Philips' Brief on Appeal. *Id.* at PENAC000858.

93.     The PTO dismissed Philips' Petition under 37 C.F.R. § 1.182 on October 1, 2014. *See* Andrea Decl., Exh. 31. The PTO found that Philips "fails to identify any reason permitting [] comments on the merits" because Patent Owner's "April 22, 2014 amendment was <u>not</u> filed in 'response to an action on the merits.'" *Id.* at PENAC000890. The PTO also found that Philips' appeal brief "was untimely, and was properly refused consideration." *Id.* at PENAC000891. Thus, the PTO concluded that Philips' "petition under 37 C.F.R.  § 1.182 fails to show reasons why the Office should grant relief under that rule to withdraw the Notice of Intent to Issue a Reexamination Certificate, to stay issuance of the reexamination certificate, or to reopen prosecution in [the] *inter partes* proceeding." *Id.* at PENAC000891-92.

### 2.     *Philips' Petition Under 37 C.F.R. § 1.183*

94.     In the Philips Petition under 37 C.F.R. § 1.183, Philips argued that, to the extent the PTO determines that the rules were correctly applied in the situations detailed in its Petition under 37 C.F.R. § 1.182, the PTO should suspend the "rules to correct for the inequity caused by the PTO's decisions." *See, e.g.,* Andrea Decl., Exh. 30 at PEANC000862. Specifically, Philips argued that suspension is warranted for the following reasons:  (1) the procedural posture of the *Inter Partes* Proceeding is the direct result of Patent Owner's inconsistent amendments in copending reexaminations (*id.* at PENAC000872); (2) Philips' interpretation of when its Brief on Appeal was due was a reasonable interpretation of an ambiguous rule (*id.* at PENAC000872-76); (3) Philips should be entitled to file comments after Patent Owner's Claims Merger documents (*id.* at PENAC000876-81); (4) Patent Owner will likely argue Philips is estopped from challenging all claims in any *Inter Partes* Reexamination Certificate that issues (*id.* at PENAC881-82); and (5) Philips twice relied on advice from the PTO that was not honored (*id.* at

PENAC000882). Philips also requested that the Director immediately withdraw the NIRC in the *Inter Partes* Proceeding, immediately stay the issuance of any reexamination certificate in the *Inter Partes* Proceeding, reopen prosecution of the *Inter Partes* Proceeding, and enter and consider Philips' previously filed comments to Patent Owner's First Claims Merger, allow Philips to file comments to the Patent Owner's Second Claims Merger, or enter and consider Philips' Brief on Appeal. *Id.* at PENAC000882.

95.     The PTO dismissed Philips' Petition under 37 C.F.R. § 1.183 on October 1, 2014. *See* Andrea Decl., Exh. 31. With respect to issue (1) in the above paragraph, the PTO found that "merger is a procedural device used by the [PTO] at its discretion" and that, "[a]lthough [Philips] argues the existence of the current 'procedural posture,' [Philips] fails to identify how it is the result of any patent owner action outside Office procedure. . . ." *Id.* at PENAC000892. With respect to issue (2) in the above paragraph, the PTO found that Philips "fail[ed] to identify any alleged decision adverse to the patentability of the claims in the" RAN. *Id.* With respect to issue (3) in the above paragraph, the PTO found that "it is not reasonable for a third party requester to expect to file comments to purely ministerial acts by the USPTO" and that Philips "has not shown any necessecity to submit comments on a purely ministerial revision of the claims. . . ." *Id.* at PENAC000893. With respect to issue (4) in the above paragraph, the PTO found that "speculation on what a future court could do fails to provide a statement as to the manner by which reopening would remedy a currently existing injustice in the reexamination proceeding." *Id.* Finally, with respect to issue (5) in the above paragraph, the PTO noted that "oral advice from the USPTO is not binding" and that the right to file a comment paper cannot "be granted by oral commentary" and that "[a]ny statement by the USPTO contrary to the rules or to the statutes is not binding." *Id.*

**FIRST CLAIM FOR RELIEF:  REVIEW UNDER THE ADMINISTRATIVE
PROCEDURE ACT, 5 U.S.C. § 706(2)(A), OF DEFENDANTS' DISMISSAL OF, AND
REFUSAL TO ENTER AFTER CONSIDERATION OF PHIILIPS' PETITIONS,
PHILIPS' BRIEF ON APPEAL**

96.    Philips hereby incorporates foregoing paragraphs 1 to 95 as if set forth fully

herein.

97.    Philips has exhausted all administrative remedies available to it prior to filing this

Complaint.

98.    Defendants' denial of Philips' Petitions constituted "final agency action[s] for

which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

99.    Philips' Brief on Appeal was timely filed.

100.    Defendants' dismissal of, and refusal to enter after consideration of Philips'

Petitions, Philips' Brief on Appeal was arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law.

101.    Philips will be injured if an *Inter Partes* Reexamination Certificate issues from

the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory

right to present arguments related to the claims at issue.

102.    For these reasons, the dismissal of, and refusal to enter after consideration of

Philips' Petitions, Philips' Brief on Appeal by Defendants was arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law and will result in irreparable harm to Philips,

and should be set aside under 5 U.S.C. § 706(2)(A).

**SECOND CLAIM FOR RELIEF:  REVIEW UNDER THE ADMINISTRATIVE
PROCEDURE ACT, 5 U.S.C. § 706(2)(A), OF DEFENDANTS' EXPUNGEMENT OF,
AND REFUSAL TO ENTER AFTER CONSIDERATION OF PHIILIPS' PETITIONS,
PHILIPS' COMMENTS ON THE PATENT OWNER'S FIRST CLAIMS MERGER**

103.    Philips hereby incorporates foregoing paragraphs 1 to 102 as if set forth fully

herein.

104.    Philips has exhausted all administrative remedies available to it prior to filing this Complaint.

105.    Defendants' denial of Philips' Petitions constituted "final agency action[s] for which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

106.    Philips had, and has, a right to comment on the Patent Owner's First Claims Merger.

107.    Defendants' expungement of, and refusal to enter after consideration of Philips' Petitions, Philips' Comments on the Patent Owner's First Claims Merger was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

108.    Philips will be injured if an *Inter Partes* Reexamination Certificate issues from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

109.    For these reasons, the expungement of, and refusal to enter after consideration of Philips' Petitions, Philips' Comments on the Patent Owner's First Claims Merger by Defendants was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and will result in irreparable harm to Philips, and should be set aside under 5 U.S.C. § 706(2)(A).

**THIRD CLAIM FOR RELIEF:  REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)(A), OF DEFENDANTS' REFUSAL TO ALLOWPHILIPS THE OPPORTUNITY TO FILE COMMENTS ON THE PATENT OWNER'S SECOND CLAIMS MERGER**

110.    Philips hereby incorporates foregoing paragraphs 1 to 109 as if set forth fully herein.

111.    Philips has exhausted all administrative remedies available to it prior to filing this Complaint.

112.   Defendants' denial of Philips' Petitions constituted "final agency action[s] for which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

113.   Philips' had, and has, a right to comment on the Patent Owner's Second Claims Merger.

114.   Defendants' refusal to allow Philips the opportunity to file Comments on the Patent Owner's Second Claims Merger was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

115.   Philips will be injured if an *Inter Partes* Reexamination Certificate issues from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

116.   For these reasons, refusal to allow Philips the opportunity to file Comments on the Patent Owner's Second Claims Merger by Defendants was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and will result in irreparable harm to Philips, and should be set aside under 5 U.S.C. § 706(2)(A).

## FOURTH CLAIM FOR RELIEF:  REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)(A), OF DEFENDANTS' DENIAL OF PHILIPS' PETITIONS

117.   Philips hereby incorporates foregoing paragraphs 1 to 116 as if set forth fully herein.

118.   Philips has exhausted all administrative remedies available to it prior to filing this Complaint.

119.   Defendants' denial of Philips' Petitions constituted "final agency action[s] for which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

120.   Defendants denial of Philips' Petitions under 37 C.F.R. §§1.182 and 1.183 was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

24

121.    As noted in the above claims for relief, Defendants' dismissal of Philips' Brief on Appeal, Defendants' expungement of Philips' Comments on the Patent Owner's First Claims Merger, and Defendants' refusal to allow Philips the opportunity to file Comments on the Patent Owner's Second Claims Merger were themselves arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.   Likewise, Defendants' failure to reverse those determinations upon receipt of Philips' Petitions was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

122.    Philips will be injured if an *Inter Partes* Reexamination Certificate issues from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

123.    For these reasons, Defendants' denial of Philips' Petitions was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and will result in irreparable harm to Philips, and should be set aside under 5 U.S.C. § 706(2)(A).

## FIFTH CLAIM FOR RELIEF: REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)(C), OF DEFENDANTS' DISMISSAL OF, AND REFUSAL TO ENTER AFTER CONSIDERATION OF PHIILIPS' PETITIONS, PHILIPS' BRIEF ON APPEAL

124.    Philips hereby incorporates foregoing paragraphs 1 to 123 as if set forth fully herein.

125.    Philips has exhausted all administrative remedies available to it prior to filing this Complaint.

126.    Defendants' denial of Philips' Petitions constituted "final agency action[s] for which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

127.    Defendants were required by law to consider Philips' Brief on Appeal because it was timely filed.

128.   Defendants' dismissal of, and refusal to enter after consideration of Philips' Petitions, Philips' Brief on Appeal was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

129.   Philips will be injured if an *Inter Partes* Reexamination Certificate issues from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

130.   As such, Defendants' decision denying Philips' Petitions should be set aside under 5 U.S.C. § 706(2)(C) because the Defendants exceeded their statutory jurisdiction, authority, or limitations in dismissing, and refusing to enter after consideration of Philips' Petitions, Philips' Brief on Appeal.

### SIXTH CLAIM FOR RELIEF:  REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)(C), OF DEFENDANTS' EXPUNGEMENT OF, AND REFUSAL TO ENTER AFTER CONSIDERATION OF PHILIPS' PETITIONS, PHILIPS' COMMENTS ON THE PATENT OWNER'S FIRST CLAIMS MERGER

131.   Philips hereby incorporates foregoing paragraphs 1 to 130 as if set forth fully herein.

132.   Philips has exhausted all administrative remedies available to it prior to filing this Complaint.

133.   Defendants' denial of Philips' Petitions constituted "final agency action[s] for which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

134.   Defendants were required by law to provide Philips the ability to comment on the Patent Owner's First Claims Merger under 35 U.S.C. § 314(b)(2) (2002).

135.   Defendants' expungement of, and refusal to enter after consideration of Philips' Petitions, Philips' Comments on the Patent Owner's First Claims Merger was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

136.     Philips will be injured if an *Inter Partes* Reexamination Certificate issues from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

137.     As such, Defendants' decision denying Philips' Petitions should be set aside under 5 U.S.C. § 706(2)(C) because the Defendants exceeded their statutory jurisdiction, authority, or limitations in expunging, and refusing to enter after consideration of Philips' Petitions, Philips' Comments on the Patent Owner's First Claims Merger.

### SEVENTH CLAIM FOR RELIEF:  REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)(C), OF DEFENDANTS' REFUSAL TO ALLOW PHILIPS THE OPPORTUNITY TO FILE COMMENTS ON THE PATENT OWNER'S SECOND CLAIMS MERGER

138.     Philips hereby incorporates foregoing paragraphs 1 to 137 as if set forth fully herein.

139.     Philips has exhausted all administrative remedies available to it prior to filing this Complaint.

140.     Defendants' denial of Philips' Petitions constituted "final agency action[s] for which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

141.     Defendants were required by law to provide Philips the ability to comment on the Patent Owner's Second Claims Merger under 35 U.S.C. § 314(b)(2) (2002).

142.     Defendants' refusal to allow Philips the opportunity to file Comments on the Patent Owner's Second Claims Merger was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

143.     Philips will be injured if an *Inter Partes* Reexamination Certificate issues from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

144.    As such, Defendants' decision denying Philips' Petitions should be set aside under 5 U.S.C. § 706(2)(C) because the Defendants exceeded their statutory jurisdiction, authority, or limitations in refusing to allow Philips the opportunity to file Comments on the Patent Owner's Second Claims Merger.

## EIGHTH CLAIM FOR RELIEF: REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)(C), OF DEFENDANTS' DENIAL OF PHILIPS' PETITIONS

145.    Philips hereby incorporates foregoing paragraphs 1 to 144 as if set forth fully herein.

146.    Philips has exhausted all administrative remedies available to it prior to filing this Complaint.

147.    Defendants' denial of Philips' Petitions constituted "final agency action[s] for which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

148.    Defendants' denial of Philips' Petitions under 37 C.F.R. §§1.182 and 1.183 was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

149.    As noted in the above claims for relief, Defendants' dismissal of Philips' Brief on Appeal, Defendants' expungement of Philips' Comments on the Patent Owner's First Claims Merger, and Defendants' refusal to allow Philips the opportunity to file Comments on the Patent Owner's Second Claims Merger were themselves done in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.    Likewise, Defendants' failure to reverse those determinations upon receipt of Philips' Petitions was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

150.    Philips will be injured if an *Inter Partes* Reexamination Certificate issues from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

28

151.    For these reasons, Defendants' denial of Philips' Petitions was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right and will result in irreparable harm to Philips, and should be set aside under 5 U.S.C. § 706(2)(C).

### NINTH CLAIM FOR RELIEF:  REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT,  5 U.S.C. § 706(2)(D), OF DEFENDANTS' DISMISSAL OF, AND REFUSAL TO ENTER AFTER CONSIDERATION OF PHILIPS' PETITIONS, PHILIPS' BRIEF ON APPEAL

152.    Philips hereby incorporates foregoing paragraphs 1 to 151 as if set forth fully herein.

153.    Philips has exhausted all administrative remedies available to it prior to filing this Complaint.

154.    Defendants' dismissal of Philips Brief on Appeal constituted "final agency action for which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

155.    Philips' Brief on Appeal was timely filed.

156.    Defendants' dismissal of, and refusal to enter after consideration of Philips' Petitions, Philips' Brief on Appeal was done without observance of procedure required by law.

157.    Philips will be injured if an *Inter Partes* Reexamination Certificate issues from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

158.    For these reasons, the dismissal of, and refusal to enter after consideration of Philips' Petitions, Philips' Brief on Appeal by Defendants was done without observance of procedure required by law and will result in irreparable harm to Philips, and should be set aside under 5 U.S.C. § 706(2)(D).

**TENTH CLAIM FOR RELIEF: REVIEW UNDER THE ADMINISTRATIVE
PROCEDURE ACT, 5 U.S.C. § 706(2)(D), OF DEFENDANTS' EXPUNGEMENT OF,
AND REFUSAL TO ENTER AFTER CONSIDERATION OF PHILIPS' PETITIONS,
PHILIPS' COMMENTS ON THE PATENT OWNER'S FIRST CLAIMS MERGER**

159.    Philips hereby incorporates foregoing paragraphs 1 to 158 as if set forth fully herein.

160.    Philips has exhausted all administrative remedies available to it prior to filing this Complaint.

161.    Defendants' denial of Philips' Petitions constituted "final agency action[s] for which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

162.    Philips had, and has, a right to comment on the Patent Owner's First Claims Merger.

163.    Defendants' expungement of, and refusal to enter after consideration of Philips' Petitions, Philips' Comments on the Patent Owner's First Claims Merger was done without observance of procedure required by law.

164.    Philips will be injured if an *Inter Partes* Reexamination Certificate issues from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

165.    For these reasons, the expungement of, and refusal to enter after consideration of Philips' Petitions, Philips' Comments on the Patent Owner's First Claims Merger by Defendants as done without observance of procedure required by law and will result in irreparable harm to Philips, and should be set aside under 5 U.S.C. § 706(2)(D).

**ELEVENTH CLAIM FOR RELIEF: REVIEW UNDER THE ADMINISTRATIVE
PROCEDURE ACT, 5 U.S.C. § 706(2)(D), OF DEFENDANTS' REFUSAL TO ALLOW
PHILIPS THE OPPORTUNITY TO FILE COMMENTS ON THE PATENT OWNER'S
SECOND CLAIMS MERGER**

166.    Philips hereby incorporates foregoing paragraphs 1 to 165 as if set forth fully

herein.

167.    Philips has exhausted all administrative remedies available to it prior to filing this Complaint.

168.    Defendants' denial of Philips' Petitions constituted "final agency action[s] for which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

169.    Philips had, and has, a right to comment on the Patent Owner's Second Claims Merger.

170.    Defendants' refusal to allow Philips the opportunity to file Comments on the Patent Owner's Second Claims Merger was done without observance of procedure required by law.

171.    Philips will be injured if an *Inter Partes* Reexamination Certificate issues from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

172.    For these reasons, refusal to allow Philips the opportunity to file Comments on the Patent Owner's Second Claims Merger by Defendants was done without observance of procedure required by law and will result in irreparable harm to Philips, and should be set aside under 5 U.S.C. § 706(2)(D).

### TWELFTH CLAIM FOR RELIEF: REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)(D), OF DEFENDANTS DENIAL OF PHILIPS' PETITIONS

173.    Philips hereby incorporates foregoing paragraphs 1 to 172 as if set forth fully herein.

174.    Philips has exhausted all administrative remedies available to it prior to filing this Complaint.

175.    Defendants' denial of Philips' Petitions constituted "final agency action[s] for

which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

176. Defendants' denial of Philips' Petitions under 37 C.F.R. §§1.182 and 1.183 was done without observance of procedure required by law.

177. As noted in the above claims for relief, Defendants' dismissal of Philips' Brief on Appeal, Defendants' expungement of Philips' Comments on the Patent Owner's First Claims Merger, and Defendants' refusal to allow Philips the opportunity to file Comments on the Patent Owner's Second Claims Merger were themselves done without observance of procedure required by law. Likewise, Defendants' failure to reverse those determinations upon receipt of Philips' Petitions was done without observance of procedure required by law.

178. Philips will be injured if an *Inter Partes* Reexamination Certificate issues from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

179. For these reasons, the PTO's denial of Philips' Petitions was done without observance of procedure required by law and will result in irreparable harm to Philips, and should be set aside under 5 U.S.C. § 706(2)(D).

## THIRTEENTH CLAIM FOR RELIEF: REQUEST FOR TEMPORARY RELIEF PENDING REVIEW PURSUANT TO 5 U.S.C. § 705

180. Philips hereby incorporates foregoing paragraphs 1 to 179 as if set forth fully herein.

181. Philips has exhausted all administrative remedies available to it prior to filing this Complaint.

182. Defendants' denial of Philips' Petitions constituted "final agency action[s] for which there is no other adequate remedy in a court" under 5 U.S.C. § 704.

183. Because of Defendants' denial of Philips' Petitions, an *Inter Partes*

Reexamination Certificate will imminently issue from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

184. Philips will be injured if an *Inter Partes* Reexamination Certificate issues from the *Inter Partes* Proceeding without Philips having had the opportunity to exercise its statutory right to present arguments related to the claims at issue.

185. For these reasons, to prevent irreparable injury, this Court should issue all necessary and appropriate process to postpone the issuance of the *Inter Partes* Reexamination Certificate to preserve the status or rights pending conclusion of this review proceeding under 5 U.S.C. § 705.

## PRAYER FOR RELIEF

WHEREFORE, Philips prays for judgment against Defendants Lee and the PTO as follows:

A.   Maintain the status quo and grant a temporary restraining order and a preliminary and permanent injunction enjoining and staying issuance of any *Inter Partes* Reexamination Certificate from the *Inter Partes* Proceeding of the '955 Patent;

B.   Issue any writs necessary to compel the Defendants to perform neglected or unlawfully unperformed duties during the *Inter Partes* Proceeding; and

C.   Order such other further relief as the Court deems appropriate.

Dated: October 10, 2014

Respectfully Submitted,

Alan M. Grimaldi (*pro hac vice* pending)
Brian A. Rosenthal (*pro hac vice* pending)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC  20006-1101
(202) 263-3000
(202) 263-3300 – Facsimile
agrimaldi@mayerbrown.com
brosenthal@mayerbrown.com

Stephen E. Baskin (Va. Bar # 47567)
Ann Marie Duffy (Va. Bar # 48653)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC  20006-1101
(202) 263-3000
(202) 263-3300 – Facsimile
sbaskin@mayerbrown.com
aduffy@mayerbrown.com

*Attorneys for Plaintiff Philips Electronics North America Corporation*